UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Patrice JORDAN,<br>Plaintiff,<br>vs.<br>SN SERVICING CORP., *et al.*,<br>Defendants. | Case No. 2:26-cv-01917-ART-DJA<br><br>ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT<br>(ECF No. 12) |

Plaintiff Patrice Jordan filed this action pro se against Defendant SN Servicing Corporation ("SN"), alleging violations of the Real Estate Settlement Procedures Act, Fair Credit Reporting Act, and Nevada Deceptive Trade Practices Act. (ECF No. 6.) Plaintiff filed a motion for entry of default on September 30, 2026, asserting that SN was properly served on August 7, 2026, and failed to timely appear in the action. (ECF No. 9.) The Clerk entered default against SN on October 14, 2026 (ECF No. 11), and SN moved to set aside the entry of default later the same day (ECF No. 12). For the reasons stated below, the Court grants the motion and vacates the entry of default.

## I. LEGAL STANDARD

A default judgment is necessarily void where a defendant had not been properly served. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). Federal Rule of Civil Procedure 4(h) governs service of corporations and provides that service may be made in accord with state law of "the state where the district court is located or where service is made," or by serving "an officer, managing or general agent, or any other agent authorized" to receive process. Fed. R. Civ. P. 4(h)(1), (e)(1). According to the law of the state in which Plaintiff attempted to

serve SN, *see, e.g., MI-94, LLC v. Chemetall US, Inc.*, No. 2:23-cv-00647-CDS-DJA, 2023 WL 8186618, at *3 (D. Nev. Nov. 27, 2023) (looking to California law to evaluate service of a California corporate defendant), in California, corporations may be served by serving the registered agent or designated officers ranging from president or chief executive officer to secretaries and others "authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10 (West).

Even where service is valid, a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC. v. Huntington Rests. Grp.*, 375 F.3d 922, 925 (9th Cir. 2004) (citation omitted). Courts consider three factors in evaluating whether good cause exists: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle ("Mesle")*, 615 F.3d 1085, 1091 (9th Cir. 2010). "[J]judgment by default is a drastic step appropriate only in extreme circumstances; a case should, wherever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

## II. DISCUSSION

SN argues that the entry of default should be set aside because, first and foremost, it was never properly served and the Court thus never retained jurisdiction over it. (ECF No. 13 at 4-5.) SN also argues that under Rule 55(c), good cause exists to vacate. (*Id.* at 5-6.) Plaintiff responds that service was valid or, at the very least, presents a fact issue that should be explored through an evidentiary hearing. (ECF No. 14.)

The proof of service reflects that Plaintiff served an "Office Administrator" named Katie Evans on August 7, 2026, at 1920 Old Tustin Avenue, Santa Ana,

California, 92705. (ECF No. 10 at 2.) Service documents were also sent to the same address by certified mail, delivered on August 14, 2026. (ECF No. 8.) Plaintiff states that on August 7, Ms. Evans "accepted the documents," creating at minimum a factual dispute over whether Ms. Evans is authorized to accept service under Rule 4(h)(1)(A) and (e)(1). (ECF No. 14 at 2.)

SN attests that service upon Ms. Evans at the Old Tustin Avenue address in Santa Ana is invalid because Ms. Evans is not a registered agent or otherwise authorized to accept service on SN's behalf and the above address is associated with SN's law firm, not with SN. (ECF Nos. 13 at 2; 16-1 at 3-4.) SN provides unrefuted exhibits from the Nevada and California Secretary of State websites indicating that, respectively, SN's registered agent for service in Nevada is Corporation Service Company located in Carson City (ECF No. 13-1), and for California is Lawyers Incorporating Service located in Sacramento (ECF No. 16-2). Plaintiff does not claim to have served these entities. And other than attesting to Ms. Evans's act of verbally and physically "accept[ing] service on behalf of" SN (ECF Nos. 10, 15), Plaintiff has provided no evidence that Ms. Evans, as an "office administrator" of SN's law firm, had the legal authority to do so. *See Santos v. State Farm Fire and Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990) (explaining that "service of process on an attorney not authorized to accept service for his client is ineffective"); *Devaney v. Quality Loan Serv. Corp.*, No. 2:19-cv-00972-RFB-EJY, 2019 WL 7597042, at *2 (D. Nev. Oct. 28, 2019) (collecting cases for this principle); *In re Focus Media Inc.*, 387 F.3d 1077, 1083 (9th Cir. 2004) (detailing the fact-intensive approaches for evaluating whether an attorney has implied authority to accept service, none of which are supported in this case); *see also* Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1097 (4th ed.) (summarizing federal caselaw holding that a defendant's attorney generally will not be deemed authorized to receive process on their client's behalf "absent a factual basis for believing that an appointment of that type has taken place," and that absent

evidence of the defendant's intent to confer authority to accept service on a particular agent, "the fact that an agent actually accepts process is not enough to bind the defendant to the court's jurisdiction").

The Court thus finds that service on Ms. Evans was ineffective. It follows that the entry of default is necessarily void because the Court never obtained jurisdiction over SN. *See Mason*, 960 F.2d at 851 (stating that a person cannot be bound by a judgment in litigation to which they were never properly made a party). Having reached this conclusion, the Court need not evaluate the Rule 55(c) factors to determine whether good cause supports vacating the entry of default. Default judgment is a harsh sanction only to be imposed in "extreme circumstances." *Mesle*, 615 F.3d at 1091. This is not such a case.

## III. CONCLUSION

It is therefore ORDERED that Defendant's motion to set aside the default (ECF No. 13) is GRANTED and the entry of default (ECF No. 11) is VACATED. Plaintiff must provide proof of service consistent with Federal Rule of Civil Procedure 4 by December 23, 2026, or the action may be subject to dismissal. If Plaintiff requires additional time to meet the deadline, they must file a motion for extension of time under Local Rule 1A 6-1 before the deadline, and the motion must be supported by a showing of good cause.

Dated this 24th day of November 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE